UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
NOV 0 8 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No. | |
| v. ) | |
| ) | |
| RICARDO PEREZ BETANCUR, ) | 4:23CR623-SRC/SPM |
| and ) | |
| JHON WALTER MENA MEDINA, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at a time unknown but not later than January 2020 and including April 2023, and continuing to on or about the date of this Indictment, from the country of Colombia, and elsewhere,

**RICARDO PEREZ BETANCUR,
and
JHON WALTER MENA MEDINA,**

the defendants herein, did knowingly combine, conspire, agree, and confederate together with each other and with other persons known and unknown to the Grand Jury, to distribute cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such cocaine would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963.

With respect to the defendants, the amount of controlled substance involved in the conspiracy attributable to each of these defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them is five (5) kilograms or more of a mixture or and substance containing a detectable amount of cocaine, thereby making the offense punishable under Title 21, United States Code, Sections 959, 963 and 960(b)(1)(B).

## COUNT II

The Grand Jury further charges that:

Beginning at a time unknown but not later than January 2020 and including April 2023, and continuing to on or about the date of this Indictment, from the country of Colombia, and elsewhere,

**RICARDO PEREZ BETANCUR,**
**and**
**JHON WALTER MENA MEDINA,**

the defendants herein, did knowingly combine, conspire, agree, and confederate together with each other and with other persons known and unknown to the Grand Jury, to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

With respect to the defendants, the amount of controlled substance involved in the conspiracy attributable to each of these defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them is five (5) kilograms or more of a mixture or and substance containing a detectable amount of cocaine, thereby making the offense punishable

under Title 46 United States Code, Section 70506 and Title 21, United States Code Section 960(b)(1)(B).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853 and 970, upon conviction of an offense in violation of Title 21, United States Code, Sections 959 or 963, as set forth in Count I, the Defendants shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

2. Pursuant to Title 46, United States Code, Section 70507 and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 46, United States Code, Sections 70503(a)(1) or 70506(b), as set forth in Count II, the Defendants shall forfeit to the United States of America all money, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or traceable to such an exchange, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to Defendants' offenses.

4. If any of the property, as a result of any act or omission of the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Sections 853 & 970, Title 46, United States Code, Section 70507, and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JAMES C. DELWORTH, #29702MO
Assistant United States Attorney